IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARQUIS BROWN EL-BEY,              )
                                   )
            Petitioner,            )
                                   )
      v.                           )        Civil Action No. 14-1035-GMS
                                   )
STEVEN WESLEY, Warden, and         )
ATTORNEY GENERAL OF THE            )
STATE OF DELAWARE,                 )
                                   )
            Respondents.           )

## MEMORANDUM

## I.    BACKGROUND

Presently pending before the court is petitioner Marquis Brown-El-Bey's ("Brown-El-Bey") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brown-El-Bey appears to be challenging his conviction for several drug-related charges on the ground that the Superior Court lacked jurisdiction to convict him because he is a "Moorish American." (D.I. 2 at 2-3)

## II.   DISCUSSION

A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Although not entirely clear, Brown-El-Bey appears to assert that he is immune from the laws of the United States because he is a Moorish citizen and, therefore, his conviction should be reversed and he should be released from his incarceration in a Delaware correctional institution. This argument has no basis in law or fact. Regardless of Brown-El-Bey's nationality or religion, he is subject to the laws of the jurisdiction in which he resides. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 applications); *see, e.g., Jones-Bey v. Alabama,* 2014 WL 1233826, at *3 (N.D. Ala. Mar. 25, 2014)("There is no basis in the law for such a claim" that the State of Alabama did not have jurisdiction to prosecute and imprison petitioner based on his ancestry as a "Moorish American."); *Bey v. Bailey,* 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010)("the suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the Moorish-American nation is without merit and cannot be the basis for habeas relief."); *Osiris v. Brown,* 2005 WL 2044904, at *2-*3 (D. N.J. Aug. 24, 2005); *see also Byrd v. Blackman,* 2006 WL 2924446, at *1 n.1 (E.D. Pa. Oct. 5, 2006)(explaining the background of the Moorish beliefs). Notably, Brown-El-Bey does not assert any other challenge to his state court convictions. Therefore, the court will summarily dismiss the instant petition because Brown-El-Bey has failed to assert a basis for federal habeas relief.

## IV. CONCLUSION

For the reasons set forth above, the court will summarily dismiss Brown-El-Bey's petition for federal habeas relief. The court will also decline to issue a certificate of appealability because Brown-El-Bey has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer,* 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: ____Oct 9____, 2014

_____
UNITED STATES DISTRICT JUDGE